**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0047, <u>Juan Diaz v. Wesley Hill, III</u>, the court on May 22, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Wesley Hill, III, appeals the Circuit Court's (<u>Moran</u>, J.) grant of a stalking final order of protection in favor of the plaintiff, Juan Diaz. <u>See</u> RSA 633:3-a, I(a) (2007). He contends that the evidence was insufficient for the trial court to find that: (1) he engaged in a course of conduct that would have caused a reasonable person to fear for the person's safety or that of a member of the person's immediate family; (2) the plaintiff was actually placed in such fear; (3) his actions constituted "an ongoing, credible threat to the plaintiff's safety"; and (4) his actions were targeted at the plaintiff. He further argues that the trial court violated his state and federal due process rights by relying upon evidence offered in the hearing on his separate stalking petition against Diaz.

We review sufficiency of the evidence claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. <u>Despres v. Hampsey</u>, 162 N.H. 398, 401 (2011). We view the evidence in the light most favorable to the plaintiff and accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. <u>Id</u>.

RSA 633:3-a, I(a) provides that a person commits the offense of stalking if: (1) he knowingly engages in a course of conduct; (2) the course of conduct is targeted at a specific person; (3) it would cause a reasonable person to fear for his safety; and (4) the person is actually placed in fear for his safety. <u>State v. Simone</u>, 152 N.H. 755, 758 (2005). Whether the defendant engaged in a course of conduct targeted at a plaintiff that would cause a reasonable person to fear for his safety is a question of fact. <u>State v. Gubitosi</u>, 152 N.H. 673, 681 (2005).

RSA 633:3-a, II(a) provides that "'[c]ourse of conduct' means 2 or more acts over a period of time, however short, which evidences a continuity of purpose. A course of conduct shall not include . . . conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person."

We conclude that, as a matter of law, the facts found by the trial court were not sufficient to cause a reasonable person to fear for his safety. See Comer v. Tracey, 156 N.H. 241, 249 (2007) (finding evidence of course of conduct insufficient to support conclusion reasonable person would have been placed in fear for personal safety). The trial court found that the defendant's statement "I don't want to hurt this man" in the defendant's stalking petition against the plaintiff "legitimately placed [the plaintiff] in fear for his personal safety and that of his significant other. [The plaintiff] credibly interpreted that statement as a threatening statement. Such interpretation was credible and legitimate and the Court so finds. [The plaintiff] believed that statement to indicate that [the defendant] was considering using force against him." The trial court further noted that when the police told the defendant to file a stalking petition, he responded, "I can take care of myself."

However, the defendant, rather than attempting to take care of himself, did file a stalking petition, seeking to keep the plaintiff away from him and, thereby, to avoid any further confrontation. Although, as the trial court found and the defendant does not contest, the defendant stated in his petition "I don't want to hurt this man," he did so in the context of describing the threats he alleged the plaintiff made toward him. Furthermore, the statement was made in furtherance of the legitimate purpose of seeking a stalking order of protection against the plaintiff. Cf. Miller v. Blackden, 154 N.H. 448, 454 (2006) (stating conduct that is necessary to accomplish a "legitimate purpose" refers to conduct that is "accordant with law"). We conclude that, under these circumstances, a reasonable person would not have understood the defendant's stalking petition as a threat to harm him.

The other acts that the trial court found to constitute the defendant's course of conduct, taken separately or as a whole, would not cause a reasonable person to fear for his safety. The trial court found that, following the issuance of a temporary restraining order against the plaintiff, the defendant engaged in "antagonizing action" by parking in his driveway "right next to where [the plaintiff] was watering the garden," instead of parking on the other side of his house. The plaintiff testified that the defendant frequently parked on the grass on the other side of the defendant's house and that he believed that the defendant was trying to instigate him to violate the restraining order by parking near him. However, the plaintiff did not testify to any threatening actions by the defendant when he exited his car. To the contrary, the plaintiff testified generally that "every time [he] approached [the defendant], [the defendant would] turn around and run in the house." Furthermore, the defendant's parking in his own driveway served the legitimate purpose of accessing his house.

The trial court found that "on three or more occasions" the defendant called the police with accusations about the plaintiff's behavior that the plaintiff testified were false. The trial court did not make any findings that the defendant's accusations were, in fact, false. The plaintiff admitted that two of the

defendant's calls to the police involved actions in which the plaintiff was engaged – setting off firecrackers. Even if the defendant's other calls to the police were unfounded, they demonstrate that the defendant was employing lawful means to address his disputes with the plaintiff. Although the plaintiff argued that "by calling the police on me so many times with these false accusations, [the defendant is] planning to actually use his gun on me at one time or another and then he's going to use his defense as saying look how many times I called the police," in the absence of something more, a neighbor calling the police several times would not cause a reasonable person to fear for his safety.

Finally, the trial court found that the defendant initiated a conversation in which he insulted the plaintiff and his "significant other in a manner likely to provoke a disorderly response." While the defendant's statements to the plaintiff and his cohabitant were inappropriate and derogatory, the plaintiff did not testify that they included any threats. The plaintiff stated, in his stalking petition, that, some weeks after this initial confrontation with the defendant, he "could not resist the urge to confront" the defendant again when he saw the defendant in a parking lot as he was driving past.

Based upon this record, we conclude that the trial court's finding that "the Defendant engaged in a course of conduct which would cause a reasonable person to fear for his personal safety or the safety of a member of his immediate family" lacks evidentiary support. See Despres, 162 N.H. at 401. In light of this conclusion, we need not address the defendant's other arguments.

Reversed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**